## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CORRYN MILLER,

       Plaintiff,

vs.                                              No. CIV 24-1202 JB/GJF

USAA INSURANCE AGENCY, INC.
and DOES 1-10,

       Defendants.

### INITIAL SCHEDULING ORDER

THIS MATTER will be before me for scheduling, case management, discovery and both non-dispositive and dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit.

The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **February 27, 2025**, to formulate a provisional discovery plan. FED. R. CIV. P. 26(f). The time allowed for discovery is generally 120 to 150 days. The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan ("JSR")*, which follows the sample JSR available at the Court's web site.[1] The parties shall fill in the blanks for suggested/proposed dates. The Court will determine actual case management dates after consideration of the parties' requests. The Plaintiff, or the Defendant in removed cases, is responsible for filing the JSR by **March 6, 2025**. The parties may not modify case management deadlines on their own. Good cause must be shown, and the Court's express and written approval obtained, for any modification of the dates in

---

[1] Pursuant to Administrative Order No. 06-173, the JSR replaces and supersedes the Provisional Discovery Plan and the Initial Pretrial Report, effective January 2, 2007. Please visit the Court's web site, www.nmd.uscourts.gov, to download the standardized *Joint Status Report and Provisional Discovery Plan* form.

the scheduling order that issue from the JSR.

Initial disclosures under FED. R. CIV. P. 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 scheduling conference will be conducted in my courtroom at the Pete V. Domenici United States Courthouse, Vermejo Courtroom (4th Floor), 333 Lomas N.W., Albuquerque, New Mexico, on **March 11, 2025, at 1:15 p.m.**[2]   If all parties agree that a rule 16 scheduling conference is unnecessary, they may submit a Waiver of Rule 16 Scheduling Conference, which must reflect the concurrence of all parties.

At the Rule 16 scheduling conference, counsel will be prepared to discuss discovery needs (including electronic discovery) and scheduling, all claims and defenses, the use of scientific evidence and whether a *Daubert*[3] hearing is needed, initial disclosures, and the time of expert disclosures and reports under FED. R. CIV. P. 26(a)(2).   We will also discuss settlement prospects and alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c).   The parties should also be prepared to discuss the location of the trial; highest consideration will be given to the convenience of the counsel, witnesses, and parties.   The parties and Court will also discuss the jury pool if a jury trial is requested.   Client attendance is not required.

**The parties are reminded of the disclosure requirements in rule 7.1 of the Federal**

---

[2] Counsel may appear by telephone or videoconference via Zoom.   Counsel wishing to appear in this manner should file a written Notice in CM/ECF indicating their preferred method of attendance.   The Court will schedule a Zoom session and provide connectivity details to the parties through separate communication (the Zoom invitation will contain telephone and/or videoconferencing credentials in accordance with said notice(s)).   Counsel appearing by telephone or Zoom are responsible for connecting to the hearing utilizing the appropriate credentials provided by the Court.

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (1993).

**Rules of Civil Procedure:**

    **(a)**    **Who Must File; Contents.**

        **(1)**    **Nongovernmental Corporations.** A nongovernmental corporate party . . . must file a statement that:

            **(A)**    identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or

            **(B)**    states that there is no such corporation.

        **(2)**    **Parties . . . in a Diversity Case.** In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party . . . must . . . file a disclosure statement. The statement must name -- and identify the citizenship of -- every individual or entity whose citizenship is attributed to that party . . . :

            **(A)**    when the action is filed in or removed to federal court, and

            **(B)**    when any later event occurs that could affect the court's jurisdiction under § 1332(a).

    **(b)**    **Time to File; Supplemental Filing.** A party . . . must:

        **(1)**    file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

        **(2)**    promptly file a supplemental statement if any required information changes.

**The Court requires strict compliance with this rule, especially with the duty to update disclosures, to help it uncover and assess any potential conflicts of interest and any issues with the Court's jurisdiction.**

If service on all parties is not complete, the Plaintiff(s) appearing through counsel or pro se is (are) responsible for notifying all parties of the contents of this order. Pretrial practice in this cause shall be in accordance with the foregoing.

UNITED STATES DISTRICT JUDGE